# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

SUZANNE PETERSON[1],

        Plaintiff,

vs.

UNITED STATES OF AMERICA,

        Defendant.

**CASE NO.: 06 CV 4073**

**ORDER**

_____

## I.   INTRODUCTION

On February, 24, 2005, Suzanne Peterson pled guilty before United States Chief Magistrate Judge Paul A. Zoss to Count 1 (conspiracy to distribute methamphetamine), Count 2 (possession with intent to distribute methamphetamine) and Count 3 (possession with intent to distribute methamphetamine) of the indictment in which she was named a defendant.  On the same day, Judge Zoss filed a report and recommendation in which he recommended that the defendant's [Peterson] guilty plea be accepted.  On March 31, 2005, this Court accepted Judge Zoss' report and recommendation.   After various continuances, this Court, on September 8, 2005, sentenced the

---

[1] Suzanne Peterson was a defendant in a criminal matter before this Court in case number 04-CR-4112-DEO.   In the current action, Suzanne Peterson is the plaintiff.  However, at various times in this Order, Ms. Peterson is referred to as the defendant in relation to the criminal action.

defendant Peterson to 61 months imprisonment. This Court also recommended the Federal Medical Center in Carswell, Texas, after corresponding with the Carswell facility regarding Ms. Peterson's medical conditions. Specifically, this Court received a letter from John Stone, associate warden, which stated "I assure you Ms. Peterson will receive the appropriate medical diagnostic testing, treatment, and evaluations for her medical conditions. FMC Carswell is a 24-hour medical center with 24-hour physician and nursing staff, which meets community standards." Docket No. 4-2, pg. 1. After these correspondences, this Court was persuaded that the Carswell facility was able to properly manage defendant Peterson's medical condition.

Defendant Peterson suffers from vulvar intraepithelial neoplasia (VIN), a precancerous condition. At the sentencing, as mentioned above, this Court was concerned with the defendant's medical condition. After granting a 30% departure for substantial assistance, this Court granted a 20% variance, 22 months, based partially on the defendant's medical condition. This resulted in a sentence of 61 months on Counts 1, 2, and 3 to be served concurrently.

2

On September 9, 2006, Ms. Peterson filed a Motion to Vacate, Set Aside, or Correct Sentence under 18 U.S.C. § 2255. Docket No. 1. In this motion, Ms. Peterson alleges that "Defendant's sentence of 86 months[2] was based upon the assurance by the Bureau of Prisons that they would be able to provide defendant with adequate medical care for my cancer. They have not provided the adequate care and Defendant's cancer has now re-occurred[3]." Docket No. 1, at 4. Ms. Peterson further states that, "the Court's sentence was incorrect and the court should correct the sentence." Docket No. 4-1, at 1.

It became clear during oral arguments on the present motion that Ms. Peterson is asking this Court to correct the sentence by finding that this Court did not grant a large enough variance, and for the Court to now grant a large enough variance that Ms. Peterson will be released forthwith. Ms. Peterson would like the Court to release her from prison so she can return to her personal physician.

---

[2]While Ms. Peterson's motion states 86 months, however, as stated above, she was actually sentenced to 61 months.

[3] During a telephonic hearing conducted on May 30, 2007, Ms. Peterson stated that her cancer had, in fact, not reoccurred.

3

## II. ANALYSIS

The subject matter grounds for relief under 18 U.S.C. § 2255 are:

> (1) that the sentence was imposed in violation of the Constitution or laws of the United States;
>
> (2) that the court was without jurisdiction to impose such sentence;
>
> (3) that the sentence was in excess of the maximum authorized by law; and
>
> (4) that the sentence is otherwise subject to collateral attack.

Jackson v. United States, 495 F.2d 349, 351 (8th Cir. 1974), quoting Hill v. United States, 368 U.S. 424, 426-27 (1962).

There is no assertion that this sentence was in violation of the Constitution or laws of the United States, that the Court was without jurisdiction to impose a sentence, or that the sentence was in excess of the maximum authorized by law. Therefore, the only grounds that Ms. Peterson has to correct this sentence is under subsection (4), that the sentence is otherwise subject to collateral attack.

This Court is troubled by the definition of "otherwise subject to collateral attack." In Houser v. U.S., the Eighth Circuit stated:

4

> What then is cognizable under the ground of 'otherwise subject to collateral attack?' It was noted in 1961 that the boundaries of that phrase had not been defined, save that 'mere error' is not enough. <u>Kyle v. United States</u>, 297 F.2d 507, 511 n. 1 (2d Cir. 1961). This ground still lacks definition but must have reference to those 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.' <u>Hill v. United States</u>, 392 F.2d 424, 428, 82 S. Ct. 468, 471, quoting <u>Bowen v. Johnston</u>, 306 U.S. 19, 27, 59 S. Ct. 442, 83 L. Ed. 455 (1939). See <u>United States v. Lewis</u>, 392 F.2d 440, 443 (4th Cir. 1968), where the court stated that:
>
> > Rare as well as unprecedented conditions- well termed 'exceptional circumstances'- we think are embraced in 2255's words '(otherwise subject to) collateral attack.'

<u>Houser v. U.S.</u>, 508 F.2d 509, 512-13 (8th Cir. 1974).

It is clear that "exceptional circumstances" are required to vacate, correct, or set aside a sentence under the "otherwise subject to collateral attack" language in §2255. Therefore, the issue before this Court is whether Ms. Peterson's medical issues are "exceptional circumstances" and whether these medical issues are so great that this Court should correct her sentence by releasing her from prison.

There is no doubt that Ms. Peterson had a serious medical issue. Medical reports indicate that she has a history of vulvar cancer for which she underwent a vulvectomy. As stated

5

above, this Court was assured that the facility in Carswell, Texas, had adequate medical facilities that could provide the appropriate care.  Taking these assurances into account, and balancing them with the seriousness of Ms. Peterson's offense, the Court granted a variance of 20%.  The Court still believes this is appropriate and finds no "exceptional circumstances" present that would allow the Court to release Ms. Peterson forthwith.

The Court did attempt to make sure that the Carswell facility could, and would, handle the defendant's medical condition.  The defendant's testimony was that the medical facilities were not sanitary nor suitable for her medical needs.  If true, these facts disturb the Court.  However, based on the limited medical records this Court has received, it appears Ms. Peterson did see physicians frequently while in Carswell and received some, if limited, medical care.

Furthermore, Ms. Peterson was sent to Barnes-Jewish Hospital at the Washington University Medical Center, a well-regarded "civilian hospital" in St. Louis, Missouri, where it was determined that she no longer suffered from VIN-3. Sometime thereafter, she was transferred to another BOP facility in Greenville, Illinois.  The exact reason she was

6

transferred is unclear to this Court, however, this Court suspects she was transferred to be closer to her family.

This Court cannot, under these circumstances, vacate, amend, or set aside Ms. Peterson's sentence. It cannot be ignored that Ms. Peterson was incarcerated with VIN-3, which, according to her testimony, she is not suffering from anymore. Even if Ms. Peterson is not happy with the exact treatment she is receiving, she appears to be healing.

Moreover, it appears to the Court that Ms. Peterson is contesting the execution of her sentence. This type of claim is not cognizable under a §2255 action. See United States v. Hutchings, 835 F.2d 185, 186 (8th Cir. 1987). If Ms. Peterson wishes to challenge the execution of her sentence, 18 U.S.C. §2241 appears to be the appropriate procedure. However, that cannot be done in this Court. The rules requires that such an action must be filed in the district where the defendant is being held by the Bureau of Prisons, which, at the present time, is in the Southern District of Illinois.

Finally, there was a discussion at the hearing that this Court might try and mandamus the federal prison authorities. However, this Court finds, after review, that it cannot

7

mandamus these authorities because they are not located in the Northern District of Iowa.

**III.     CONCLUSION**

Therefore, this Court finds no permissible reason to correct, vacate, or set aside Ms. Peterson's sentence of 61 months.  This Court granted defendant Peterson a variance because of the defendant's condition and, while sympathizes with the defendant, cannot vacate her sentence.

**IT IS HEREBY ORDERED** that plaintiff Suzanne Peterson's motion to vacate, set aside, or correct a sentence under 28 U.S.C. §2255, Docket No. 1, is **denied**.

**IT IS SO ORDERED** this 29th day of June, 2007.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa